✓ ___ FILED ___ ENTERED
___ LOGGED _____ RECEIVED

12:05 pm, Nov 30 2021

AT  BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF MARYLAND**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | ) | **No.**  1:21-mj-2690 TMD |
| **ADMINISTRATIVE INSPECTION OF** | ) | |
| **CORRECT RX PHARMACY SERVICES** | ) | |
| **1352 CHARWOOD ROAD, SUITE C** | ) | |
| **HANOVER, MARYLAND 21076** | ) | |

**APPLICATION AND AFFIDAVIT FOR ADMINISTRATIVE**
**WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880(d)**

1.   This affidavit seeks an administrative inspection warrant, pursuant to the Controlled Substances Act, 21 U.S.C. §§ 880 *et seq.*, of the current place of business of Correct Rx Pharmacy Services, located at 1352 Charwood Road, Suite C, Hanover, Maryland 21076 ("Correct Rx" or the "Controlled Premises"). Pursuant to 21 U.S.C. § 880(b)(1), the purpose of this inspection is to verify the correctness of controlled substance inventories, records, reports, and other documents required to be kept under the Controlled Substances Act and to protect the public health and safety.

2.    21 U.S.C. § 880(d)(1) provides:

> Any judge of the United States or of a State court of record, or any United States magistrate judge, may, within his territorial jurisdiction, and upon proper oath or affirmation showing probable cause, issue warrants for the purpose of conducting administrative inspections authorized by this subchapter or regulations thereunder, and seizures of property appropriate to such

inspections.  For the purposes of this section, the term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

Based on the facts set forth as follows, I believe there is probable cause[1] for the requested warrant.

3.  That the Affiant, Monica L. Smoak, is a duly appointed Diversion Investigator of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Baltimore, Maryland District Office.

4.  That in July 2009 the Affiant was hired by the DEA, and during her employment with the DEA, has been an affiant on administrative inspection affidavits on at least one occasion and has participated in the service and execution of administrative inspection warrants on at least two occasions. The affiant received training in the manufacture, distribution, and dispensation of controlled substances, including those controlled substances dispensed through registered pharmacies, and the corresponding records and inventories that are required

---

[1]    Probable cause in the traditional criminal-law sense is not required to support the issuance of an administrative inspection warrant.  *See, e.g.*, *United States v. Nechy*, 827 F.2d 1161, 1163-64 (7th Cir. 1987); *United States v. Merkosky*, No. 1:02-cr-00168, 2008 WL 5169640, at *15 (N.D. Ohio Dec. 9, 2008).

pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Public Law 91-513).

5. That pursuant to 21 U.S.C. §§ 878(a)(2) and 880(b)(1),(2), and (3), and 21 Code of Federal Regulations (C.F.R.) Appendix to Subpart R, the Affiant is authorized to execute administrative inspection warrants to inspect controlled premises of persons and firms registered under the Controlled Substances Act, to inspect and verify the correctness of all records, reports, and other documents required to be kept or made under 21 U.S.C. § 827, and 21 C.F.R. § 1304.01. Specifically, the Controlled Substances Act authorizes the DEA to conduct administrative inspections to: (1) inspect and copy records, reports, and other documents required to be kept or made under the Controlled Substances Act; (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls, and facilities) appropriate for verification of the records, reports, and documents, or otherwise bearing on the Controlled Substances Act; and (3) inventory the stock of any controlled substance and obtain samples of such substance. *See* 21 U.S.C § 880(b)(3).

6. That certain prescription drugs, such as narcotics, stimulants, depressants, hallucinogens, and anabolic steroids

are scheduled substances under the Controlled Substances Act. Drugs and other substances that are considered controlled substances under the CSA are divided into five schedules (I, II, III, IV, and V). Substances are placed in their respective schedules based on whether they have a currently accepted medical use in treatment in the United States and their relative abuse potential and likelihood of causing dependence when abused.

7. That Correct Rx is registered under the provisions of the Controlled Substances Act and has been assigned DEA Registration Number BC8273120, authorized to handle controlled substances in Schedules II-V, and is conducting business at 1352 Charwood Road, Suite C, Hanover, Maryland 21076.

8. That the said place of business located at 1352 Charwood Road, Suite C, Hanover, Maryland 21076 is a controlled premises within the meaning of 21 U.S.C. § 880(a)(1) and (2), and 21 C.F.R. § 1316.02(c)(1) and (2). As such, That Correct Rx must keep complete and accurate records of all controlled substances received, sold, prescribed, dispensed, purchased, delivered or otherwise disposed of pursuant to 21 U.S.C. § 827 and 21 C.F.R. §§ 1304.01 *et seq.* on the Controlled Premises, and the inspection of the Controlled Premises is designed to ensure

compliance with the Controlled Substances Act and its regulations.[2]

9. The DEA operates the Automation of Reports and Consolidated Orders System ("ARCOS"), a drug reporting system through which DEA-registered manufacturers and distributors report the sale or distribution of Schedule I, Schedule II, and narcotic controlled substances in Schedule III. A review of the ARCOS database reveals that Correct Rx ranks among the highest purchasing pharmacies of certain ARCOS reportable controlled substances in Baltimore DEA's area of responsibility (which covers the entire State of Maryland except for Montgomery, Prince George's, Charles, St. Mary's, and Calvert counties) in the previous few years, including:

---

[2]     The Controlled Substances Act provides for the inspection of items such as records, files, and papers, the maintenance of which is not required under the Controlled Substances Act, but which is appropriate for the verification of the requirements of the Controlled Substances Act. *See* 21 U.S.C. § 880(b)(3)(B). Although the Controlled Substances Act does not explicitly provide for copying of items listed under 21 U.S.C. § 880(b)(3)(B), the Affiant requests that the Court authorize the copying (and seizure if necessary for copying) such items to verify appropriately the records that must be kept under 21 U.S.C. § 880(b)(3)(A). Further, if the relevant items are to be copied at the same time, it will allow DEA to more quickly, efficiently, and thoroughly inspect the Controlled Premises, and minimize disruption of pharmacy business.

| Year | Name of Drug | Schedule | Number of Total Dosage Units | Rank |
|------|-------------|----------|------------------------------|------|
| 2020 | Methadone | II | 249,300 | #1 |
| | Buprenorphine | III | 264,926 | #2 |
| | Codeine | III | 138,900 | #1 |
| 2019 | Methadone | II | 315,800 | #1 |
| | Buprenorphine | III | 136,554 | #7 |
| | Codeine | III | 90,900 | #1 |
| 2018 | Methadone | II | 329,700 | #1 |
| | Codeine | III | 55,800 | #1 |

10.   Finally,  the  DEA  has  never  inspected  the  Controlled Premises. Courts "have held that there is probable cause to issue a warrant if the warrant affidavit alleges ... that the regulated pharmacy has never previously been inspected ...."  In re Searches & Seizures Conducted on Oct. 2, & 3, 1980, 665 F.2d 775, 777 (7th Cir. 1981); see also United States v. Osborne, 512 F. Supp. 413, 414 (E.D. Tenn. 1980).

11.   That the Affiant further states that in view of the foregoing circumstances, the inspection contemplated herein is requested to protect the public health and safety, and results from a valid public interest in the effective enforcement of the Controlled Substance Act and implementing regulations.

12.    The Affiant further states that the inspection will be conducted between the hours of 8:00 a.m. and 7:00 p.m., Monday through Friday, and that the Investigator's credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness and that the warrant will be returned within ten (10) days.

13.    The Affiant further states that, pursuant to 21 U.S.C. § 827, and 21 U.S.C. § 880(b)(3)(A), the inspection will extend to the inspection and copying of inventories (perpetual and biennial), records, reports, prescriptions, order forms, invoices, files (to include electronically stored or computerized records and files), and other documents required to be kept, and to the inspection of all other things herein, including records, files, and paper appropriate for verifying the records, reports, and documents required to be kept under or otherwise related to compliance with the Controlled Substances Act, including ordered material drug lists of supplies and suppliers, DEA Form-41s, 106s, and 222s, prescriptions, computerized records of purchase and distribution, and to the extent not covered by the foregoing, all prescriptions and other records which refer to or relate to the receipt, dispensation, administration, or distribution of controlled substances.

14.  The Affiant further states that, pursuant to 21 U.S.C. § 880(b)(3)(B), the inspection will extend to the inspection and copying (where applicable and if authorized) of the Controlled Premises, equipment, drugs, containers, and labeling, and all other things in the Controlled Premises including records, files, and papers, processes, controls, and facilities appropriate for the verification of compliance with the Controlled Substances Act such as written and electronic correspondence regarding maintenance of inventories, theft or loss reports, communications related to Correct Rx's compliance with the Controlled Substances Act, written policies procedures and training regarding maintenance of inventories, perpetual and biennial inventories, internal audits, and manuals or written material describing computer programs or other procedures used by Correct Rx's to maintain inventories of controlled substances appropriate for the verification of the records, reports, and documents required to be kept under or otherwise related to compliance with the Controlled Substances Act.

15.  The Affiant will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections and one or more DEA Diversion Task Force Officers assigned to the Baltimore District Tactical Diversion Squad.  A return will be made to this Magistrate upon the completion of the inspection.  The Affiant further states that

she has verified and has knowledge of the facts alleged in this

affidavit, and that they are true to the best of her knowledge.

*Monica L. Smoak*

_____

 Monica L. Smoak
 Diversion Investigator
 Drug Enforcement Administration


       Affidavit submitted by email and attested to me as true
       and accurate by telephone consistent with Title 21,
       United States Code, §880(d) on this __24__ day of
       _September_  2021.


*Thomas M. DiGirolamo*
_____
United States Magistrate Judge

District of Maryland